UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
APR 3 0 2009


| | |
|---|---|
| OANH THACH, individually and as Special Administrator of the Estate of Pearl Wang, deceased; KIM THACH as Special Administrator of the Estate of Jimmy Hua, deceased; and KIM THACH as Special Administrator of the Estate of Michelle Huynh, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>TIGER CORPORATION; TIGER AMERICA CORPORATION WHICH WILL DO BUSINESS IN CALIFORNIA AS TIGER U.S.A. CORPORATION; and JAPAN TIGER CORPORATION OF USA,<br><br>Defendants. | CIV. 07-4165<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Defendant Tiger Corporation, and Plaintiffs, through their respective counsel of record, hereby stipulate to the following Protective Order to govern the disclosure of potentially confidential discovery materials and testimony in the above-captioned action:

WHEREAS, during the discovery conducted in the above-entitled matter it has become apparent that the parties may need to disclose confidential business, development, proprietary, financial, and other matters not generally discoverable or otherwise available to the members of the public or competitors of the defendants; and

WHEREAS, the defendants desire to protect and maintain the confidentiality of documents, records, and or other discovery which has been requested or may be requested as a part of this litigation; and

WHEREAS, pursuant to Rule 26 of the Federal Rules of Civil Procedure the parties hereby stipulate to the entry of an Order providing the following:

1. A party or nonparty producing or furnishing information of any nature to another party, to the Court, or at a deposition in connection with this litigation may designate as "Confidential," in accordance with the procedures set forth in paragraph 5 hereof, any document or part thereof or any deposition testimony that such party or nonparty believes in good faith to contain or reflect confidential information, including but not limited to trade secrets, commercially sensitive business research information or sensitive financial information. All discovery material so designated and all information derived therefrom shall be referred to in this Stipulation and Order as "Confidential Discovery Material." Such designation shall be made at the time the information is produced or furnished, or at a later time as provided in paragraph 5 hereof. Any party may, at any time, request that a "Confidential" designation be removed from any document or information and, if another party objects, seek relief under the Federal Rules of Civil Procedure. The parties agree that before seeking any relief from the Court under this paragraph, they will make a good faith effort to resolve any dispute concerning the confidential treatment of any such Confidential Discovery Material.

2. Confidential Discovery Material shall be used only for the purposes of the above-captioned action (including any appeals) and not for any business or other purpose whatsoever. Confidential Discovery Material shall not be given, shown, made available, or communicated in any way to anyone except those persons to whom it is necessary that such Confidential

Discovery Material be given, shown, made available, or communicated in any way for purposes permitted under this paragraph and under paragraph 3 herein.

3. Confidential Discovery Material may not be disclosed to any person other than:

(a) Counsel of record of the parties to this litigation;

(b) Paralegal, clerical, and other such personnel employed or retained by, or working under the supervision of counsel of record of the parties to this litigation;

(c) The Court and court personnel, including court reporters, stenographic reporters, and jurors or alternates;

(d) A party's expert witness; and

(e) Any other person or entity as to whom counsel for the producer or provider of the confidential information agrees in writing, or whom the court directs shall have access to such information.

4. Persons described in Paragraph 3(d) or (e) above to whom Confidential Discovery Material is disclosed or by whom Confidential Discovery Material is used shall be informed of and agree to be bound by the terms of the Stipulation and Order and shall take all necessary precautions to prevent any disclosure or use of Confidential Discovery Material other than as authorized by the Stipulation and Order and shall agree to submit to the personal jurisdiction of this Court on any issues relating to compliance with the Order. Counsel subject to this Stipulation and Order shall take all reasonable steps necessary to advise any person to whom Confidential Discovery Material may be disclosed, or by whom it may be used, of the terms of the Stipulation and Order and, in addition, before disclosure of any Confidential Discovery Material, shall obtain from any person described in subparagraphs 3(d) and 3(e) herein a written affidavit of acknowledgment, in the form of this Stipulation and Order and will comply with its

terms in all respects. Such original signed affidavits shall be retained by counsel of record and a copy provided to opposing counsel prior to providing said person with access to any documents covered hereunder. In the event that the person described in subparagraphs 3(d) and 3(e) is a non-testifying consulting expert, counsel of record shall retain the original signed affidavit but need not provide a copy to opposing counsel.

5. Designation of Confidential Discovery Material shall be as follows:

(a) In the case of documents, designation shall be made by placing the legend "Confidential" on the first page of any document deemed to contain Confidential Discovery Material.

(b) In the case of responses to interrogatories or other written discovery, designation shall be made by placing a legend recited in subparagraph (a) above on any page or any response deemed to contain Confidential Discovery Material. Alternatively, responses deemed to contain Confidential Discovery Material may be bound separately and marked with the legend recited in subparagraph (a) above.

(c) In the case of depositions, designation of any portion of any transcript (including exhibits) deemed to contain Confidential Discovery Material shall be made by a statement of such designation on the record during the course of the deposition, or within thirty (30) business days after receipt of the transcript of the deposition, by letter to opposing counsel setting forth a designation of the confidential portion of the transcript.

6. Any filing or submission (or part thereof) in this litigation that includes, discloses, or reflects information designated as Confidential Discovery Material shall be under seal and shall remain under seal until further order of this Court or stipulation by counsel. Counsel filing

or submitting information designated as Confidential Discovery Material shall include next to the caption of such filing or submission the words " TO BE FILED UNDER SEAL PURSUANT TO STIPULATION AND ORDER GOVERNING THE EXCHANGE AND PRODUCTION OF CONFIDENTIAL INFORMATION."

7. If the propriety of any designation or documents or information as confidential is disputed, the document(s) or information shall be treated as Confidential Discovery Material until the dispute is resolved as provided herein.

8. Nothing in this Stipulation and Order shall restrict the internal use or disclosure by a party or nonparty of information designated as Confidential Discovery Material.

9. Nothing in this Stipulation and Order shall be deemed as a waiver by either party of its right to object to discovery of information held by consultants who are not designated as witnesses.

10. Nothing in this Stipulation and Order shall be deemed as a waiver by either party to object to production of information on the basis that said information is not subject to discovery under the Federal Rules of Civil Procedure.

11. No party to this litigation shall be deemed by treating information as Confidential Discovery Material to have conceded that the information actually is confidential.

12. Within ninety (90) days of the termination of this action, all Confidential Discovery Material and documents containing or reflecting information designated as Confidential Discovery Material, including but not limited to copies, summaries, notes or excerpts, shall be returned to the producing party.

13. Any party needing relief from the provisions of this Stipulation and Order or needing further protections with respect to discovery, may, if agreement cannot be reached

among the parties, seek relief from this Court upon at least seven (7) business days notice to the other parties.

14. This Stipulation and Order shall be effective immediately and shall survive the conclusion of this litigation.

15. This Stipulation and Order may be executed by counsel in counterparts.

**IT IS SO STIPULATED**

Dated this **12** day of March, 2009.

Respectfully submitted,

HALLELAND, LEWIS NILAN & JOHNSON

*[signature]*

Brian N. Johnson
Sheila T. Kerwin
600 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402-4501
Telephone: (612) 338-1838
Facsimile: (612) 338-7858
Email: bjohnson@halleland.com

(REMAINDER OF PAGE INTENTIONALLY LEFT BLANK)

Dated this 13th day of March, 2009.

          MURPHY, GOLDAMMER & PRENDERGAST

          /s/ James E. McMahon
          James E. McMahon
          101 North Phillips Avenue
          Wells Fargo Building, Suite 402
          Post Office Box 1535
          Sioux Falls, SD 57101
          Telephone: (605) 331-2975
          Facsimile: (605) 331-6473
          Email: jim@mgplawfirm.com

(REMAINDER OF PAGE INTENTIONALLY LEFT BLANK)

Dated this 6th day of March, 2009.

        FULLER & SABERS, LLP

        */s/ William Fuller*
        William Fuller
        7521 S. Louise Avenue
        Sioux Falls, SD 57108
        Telephone: (605) 333-0003
        Facsimile: (605) 333-0007
        Email: bfuller@fullerandsabers.com

(REMAINDER OF PAGE INTENTIONALLY LEFT BLANK)

Dated this 11th day of March, 2009.

        CADWELL, SANDFORD, DEIBERT & GARRY, LLP

        _____
        William C. Garry
        Post Office Box 1157
        Sioux Falls, SD 57101
        Telephone: (605) 336-0828
        Facsimile: (605) 336-6036
        Email: bgarry@cadlaw.com

(REMAINDER OF PAGE INTENTIONALLY LEFT BLANK)

Dated this 12th day of March, 2009.

                    MAY & JOHNSON, PC

                    Mark J. Arndt
                    6805 South Minnesota Avenue, Suite 100
                    P.O. Box 88738
                    Sioux Falls, SD 57109-8738
                    Telephone: (605) 336-2565
                    Facsimile: (605) 336-2604
                    Email: marndt@mayjohnson.com

(REMAINDER OF PAGE INTENTIONALLY LEFT BLANK)

## ORDER

**IT IS SO ORDERED.**

Dated: April 29, 2009

_____
The Honorable Lawrence L. Piersol
United States District Court Judge

# ATTACHMENT A

## WRITTEN ASSURANCE

I, [insert name],

reside at

[insert address]. I have read and understand the Stipulated Protective Order entered in the case captioned as Thatch v. Tiger Corporation et. al, Civ. No. 07-4165-LLP, which is pending in the Southern Division of the District of South Dakota.

[If applicable:] I am engaged as a

[insert name of position] on behalf of

[insert name of party] in the preparation and conduct of this case.

I agree to comply with and to be bound by the provisions of the Stipulated Protective Order. I will not divulge Confidential Material to persons other than those specifically authorized by the Stipulated Protective Order to receive such information. I will not copy or use, except solely for the purpose of this litigation, any information protected by the Stipulated Protective Order except as expressly permitted by the Court. Upon notification that this litigation has terminated, or at such earlier time as requested by the counsel or party by whom I am employed or retained, I will return all documents and things designated as Confidential Material and all summaries, abstracts and indices thereof, which come into my possession, and documents or things which have been prepared relating thereto, to counsel for the party by whom I am employed or retained.

I do and shall subject myself to the continuing jurisdiction of the above-entitled Court over my person, wherever I shall be found, for purposes of enforcement of the Protective Order.

I understand that I may be found in contempt of Court if I violate this Agreement. I declare under penalty of perjury that the foregoing is true and correct.

Dated:

Signature