

FILED
JUL 13 2009

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

******************************************************************

| | | |
|---|---|---|
| OANH THACH, individually and as Special Administrator of the Estate of Pearl Wang, deceased; KIM THACH as Special Administrator of the Estate of Jimmy Hua, deceased; and KIM THACH as Special Administrator of the Estate of Michelle Huynh, deceased, | * * * * * * * * | CIV 07-4165 MEMORANDUM OPINION AND ORDER |
| Plaintiffs, | * * | |
| -vs- | * * | |
| TIGER CORPORATION; TIGER AMERICA CORPORATION WHICH WILL DO BUSINESS IN CALIFORNIA AS TIGER U.S.A. CORPORATION; and JAPAN TIGER CORPORATION OF USA, | * * * * * * * | |
| Defendants. | * * | |

******************************************************************

On November 8, 2007, Plaintiffs sued Defendants, Tiger Corporation, Tiger America Corporation which will do business in California as Tiger U.S.A. Corporation, and Japan Tiger Corporation of U.S.A. for negligence, product and strict liability, and breach of warranty. Defendant Tiger Corporation has moved for a Judgment on the Pleadings under Federal Rules of Civil Procedure 12(c) on the basis that it was not served with the Amended Summons and Amended Complaint until after the three-year statute of limitations period had expired. (Doc. 54.) Also pending before the Court are motions for summary judgment filed by Defendants Tiger America Corporation, Doc. 37, and Japan Tiger Corporation of U.S.A, Doc. 48, and a motion filed by Plaintiffs for a determination that Exhibit 4 of Plaintiffs' Reply to Defendant's Motion for Judgment on the Pleadings is not privileged, Doc. 68. The Court will address all motions in this opinion except the Motions for Summary Judgment filed by Defendants Tiger America Corporation, Doc. 37, and

Japan Tiger Corporation of U.S.A, Doc. 48, which the Court will rule upon at another time.

## BACKGROUND

On December 11, 2004, there was a fire at Plaintiffs' residence. Plaintiffs brought suit against Tiger Corporation, Tiger America Corporation which will do business in California as Tiger U.S.A. Corporation, and Japan Tiger Corporation U.S.A., claiming that the fire was caused by a rice cooker allegedly manufactured by Defendant Tiger Corporation.

On November 13, 2007, an Amended Summons and Amended Complaint was served on accounts manager Miti Takano[1] at Japan Tiger Corporation U.S.A., 2730 Monterey Street, Suite #105, Torrance, California, 90503. Japan Tiger Corporation U.S.A. was identified on Tiger Corporation's "Global Site" website as the company's "Representative Office in the U.S.A." Nobukazu Yamada was the registered agent for Japan Tiger Corporation U.S.A. (Second Johnson Aff. Ex. B.)

Following service upon Japan Tiger Corporation U.S.A., Plaintiffs arranged to serve Tiger Corporation in Japan. The papers were sent to APS International, Ltd. via Federal Express on November 30, 2007 (Pls.' Reply to Def.'s Mot. for J. on the Pleadings, Ex. 5) and presumably were delivered on December 1, 2007 (Pls.' Br. in Opp'n to Def.'s Mot. for J. on the Pleadings at 4). By December 5, 2007, the documents were abroad for service. (Pls.' Reply to Def.'s Mot. for J. on the Pleadings, Ex. 6.) Tiger Corporation was served by mail with the Amended Summons and Amended Complaint on January 24, 2008. (Johnson Aff., Ex. A.)

South Dakota has established a three-year limitations period for claims relating to product liability, see SDCL § 15-2-12.2, and thus Plaintiffs were required to complete service upon Defendants by December 11, 2007. Defendant Tiger Corporation has moved for judgment on the

---

[1] Ms. Takano's last name is improperly spelled "Takauo" on the Affidavit of Service. (Def.'s Reply Br. at 5, n.4.)

2

pleadings on the basis that Plaintiffs failed to serve them with the necessary documents by this date.

## LEGAL STANDARD

"Judgment on the pleadings should be granted only if the moving party clearly establishes that there are no material issues of fact and that it is entitled to judgment as a matter of law." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). Although the Court must ignore most materials outside the pleadings, it may consider "materials that are 'necessarily embraced by the pleadings.'" *Id.* (quoting *Piper Jaffray Cos. v. National Union Fire Ins. Co.*, 967 F.Supp. 1148, 1152 (D. Minn. 1997)); *see also* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 299 (1990) (court may consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint"). This is a strict standard, and under it the Court must accept as true all facts pled by the plaintiff and draw all reasonable inferences from the pleadings in the plaintiff's favor. *See Franklin High Yield Tax-Free Income Fund v. County of Martin*, 152 F.3d 736, 738 (8th Cir. 1998); *Lion Oil Co. v. Tosco Corp.*, 90 F.3d 268, 270 (8th Cir. 1996).

## DISCUSSION

The question presently before the Court is whether Defendant Tiger Corporation, a foreign corporation, was properly served a copy of the Amended Summons and Amended Complaint before the expiration of the three-year statute of limitations period governing product liability-related actions brought in South Dakota.

A "simple and certain means by which to serve process on a foreign national" is through compliance with the Hague Service Convention. *Volkswagenwerk Aktiengesell-Schaft v. Schlunk*, 486 U.S. 694, 706, 108 S.Ct. 2104, 2111, 100 L.Ed.2d 722 (1988). "The Hague Convention is a multinational treaty, formed in 1965 for the purpose of creating an appropriate means to ensure that

judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time." *Bankston v. Toyota Motor Corp.,* 889 F.2d 172, 173 (8th Cir. 1989) (internal quotations omitted). As described by the Eighth Circuit in *Bankston v. Toyota Motor Corp.*:

> The Convention sets out specific procedures to be followed in accomplishing service of process. Articles 2 through 6 provide for service through a central authority in each country. Article 8 allows service by way of diplomatic channels. Article 19 allows service by any method of service permitted by the internal law of the country in which service is made. Under Article 21 of the Convention, each signatory nation may ratify its provisions subject to conditions or objections.

*Bankston*, 889 F.2d at 173. In all, thirty-two countries, including the United States and Japan, have ratified and acceded to the Convention. *Id.*; *Schlunk*, 486 U.S. at 698, 108 S.Ct. at 2107.

### A. Substituted Service of Process Upon Japan Tiger Corporation U.S.A.

Plaintiffs argue that substituted service on Japan Tiger Corporation U.S.A., Tiger Corporation's "Representative Office in the U.S.A.," is sufficient to render Tiger Corporation subject to the Court's jurisdiction. The United States Supreme Court has held that service upon a foreign corporation abroad in accordance with the Hague Convention is not mandatory when a forum state's law allows for "substituted service that provides notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Schlunk*, 486 U.S. at 705, 108 S.Ct. at 2112 (internal citations omitted).

While the parties in the present case agree that South Dakota law allows for alternatives to service of process upon foreign corporations abroad, the parties disagree whether such process has been lawfully completed. *Schlunk,* 486 U.S. at 707, 108 S.Ct. at 2112 ("Where service on a domestic agent is valid and complete *under both state law and the Due Process Clause*, our inquiry ends and the Convention has no further implications.") (emphasis added). Plaintiffs contend that

4

service of the Amended Summons and Amended Complaint on November 13, 2007, upon Japan Tiger Corporation U.S.A. in Torrence, California, where Tiger Corporation "kept an office for the transaction of business," was all that was required under South Dakota law to properly affect service upon Tiger Corporation in this case and that service under the Hague Convention was only necessary in order to facilitate enforcement in Japan of any subsequent judgment. Specifically, South Dakota law provides in relevant part that:

> An attempt to commence an action [against a corporate defendant] is deemed equivalent to the commencement thereof when the summons is delivered, with the intent that is shall actually be served . . . to the sheriff or other officer of the county in which such corporation was established by law, or where its general business was transacted, or where it kept an office for the transaction of business. Such an attempt must be followed by the first publication of the summons, or the service thereof, within sixty days.

SDCL § 15-2-31.

Assuming for the moment that the South Dakota Legislature even considered or intended SDCL § 15-2-31 to apply to international service, the Court concludes that under the plain language of the statute, Plaintiffs failed to served Tiger Corporation before the statute of limitations period expired. Plaintiffs are correct in stating that under the statute, their attempt to serve Defendant Tiger Corporation by delivering a copy of the summons to Japan Tiger Corporation U.S.A., where Tiger Corporation kept an office for the transaction of business, constitutes commencement of the action. However, Plaintiffs plainly ignore the last sentence of the statute which indicates that such an attempt only entitles them to a sixty-day extension during which it is obligated to personally serve Tiger Corporation. The South Dakota Supreme Court has clearly held that a defendant must be personally served within 60 days after delivery of the summons to one of the persons or entities prescribed under SDCL § 15-2-31 in order to prevent the running of the statute of limitations. *Arbach v. Gruba*, 199 N.W.2d 697, 700 (S.D. 1972); *see also Johnson v. Butler*, 170 N.W. 140 (S.D. 1918), ("[I]n order to prevent the running of the statute of limitations after delivery of this summons, such summons must have been served within 60 days after it was received by the sheriff."); *Tabour*

*Realty Co. v. Nelson*, 228 N.W. 807 (S.D. 1930) ("If [personal service] is not done, the attempt [to commence the action] fails, and everything connected with the attempt falls with it.").

Plaintiffs delivered a copy of the Amended Summons and Amended Complaint to Japan Tiger Corporation U.S.A. on November 13, 2007, but Tiger Corporation was not personally served until January 24, 2008, after the 60-day extension period provided under SDCL § 15-2-31 had expired. While *Schlunk*, 486 U.S. at 707, 108 S.Ct. at 2112, makes clear that "the Due Process Clause does not require an official transmittal of documents abroad every time there is service on a foreign national," service upon Tiger Corporation's domestic subsidiary, Japan Tiger Corporation U.S.A., did not comply with South Dakota law and thus may not serve as a substitute to service abroad in accordance with the Hague Convention. This is the case even if such notice was reasonably calculated to or did in fact apprise Tiger Corporation of the pendency of the action.[2]

## B. Service of Process of Tiger Corporation

Plaintiffs claim also that under SDCL § 15-2-31 they completed service upon Tiger Corporation within the statute of limitations[3] when they transmitted on December 1, 2007, the necessary documents to APS International, Ltd., a private company that provides legal-support services, for service upon Tiger Corporation within the next sixty days. As stated above, SDCL § 15-2-31 provides in relevant part that:

---

[2]Plaintiffs have disclosed to the Court documents which Defendant Tiger Corporation argues are privileged work product and are protected by attorney client privilege, which suggest that Tiger Corporation may have received informal notice of the present lawsuit within the statute of limitations period. The parties do not contend, nor was the Court able to find any authority suggesting, that such informal notice satisfies the service of process requirements imposed under South Dakota law as is required under *Schlunk*, 486 U.S. 694 (1988) to affect service upon a foreign corporation outside of the Hague Convention. Accordingly, Plaintiffs' Motion for Determination That Document 59-5 is Not Privileged is dismissed as moot.

[3]The period for timely service of process upon Defendant Tiger Corporation expired on December 11, 2007.

> An attempt to commence an action [against a corporate defendant] is deemed equivalent to the commencement thereof when the summons is delivered, with the intent that is shall actually be served . . . to the sheriff or other officer of the county in which such corporation was established by law, or where its general business was transacted, or where it kept an office for the transaction of business. Such an attempt must be followed by the first publication of the summons, or the service thereof, within sixty days.

SDCL § 15-2-31. Plaintiffs contend that because Japan has objected to provisions under the Hague Convention that permit service of judicial papers from abroad through local sheriffs or other officers,[4] that service upon a local process server, in this case APS International, was the only manner in which they could perfect service under the laws of South Dakota. Plaintiffs further argue that the South Dakota Legislature could not have intended to deny a litigant suing a Japanese corporation the sixty-day extension period for service of process and thus "[i]t would seem to be the intention of the drafters that the 'local process server' stands in the shoes of the 'sheriff or other officer.'"

The Court finds that Plaintiffs are not entitled to extend formal service of process upon Tiger Corporation by sixty days under SDCL § 15-2-31. The South Dakota Supreme Court has specifically held that the sixty-day extension provided in the statute is available only to sheriffs and other public officers and is not available to private process servers such as APS International. *Ramsey v. Mathisrud*, 599 N.W.2d 400, 402 (S.D. 1999). Moreover, the Court doubts that the Legislature considered or intended the statute to apply to international service. The plain language of the statute speaks in terms of counties, not countries. If the Legislature had intended for SDCL § 15-2-31 to apply to service in a foreign country, it seems that it would have made specific mention of such intention as it did in SDCL § 15-6-4(d) which specifically addresses the requirements for personal service on a business entity in a foreign country.

---

[4]Under Article 21 of the Hague Convention, each signatory nation may ratify the Conventions' provisions subject to conditions or objections. Pertinent to the present case, Japan has objected to subparagraphs (b) and (c) of the Article 10 which permits service of judicial documents through "judicial officers, officials or other competent persons of the State of destination." *Bankston*, 889 F.2d at 173.

7

For the foregoing reasons, it is hereby ORDERED:

(1) Defendant Tiger Corporation's Motion for Judgment on the Pleadings, Doc. 54, is GRANTED.

(2) Defendant Tiger Corporations' Motion for Determination That Document 59-5 is Not Privileged, Doc. 68, is DISMISSED as moot.

Dated this 13th day of July, 2009.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)      DEPUTY