

FILED

JUL 20 2009

CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| OANH THACH, individually and as Special Administrator of the Estate of Pearl Wang, deceased; KIM THACH as Special Administrator of the Estate of Jimmy Hua, deceased; and KIM THACH as Special Administrator of the Estate of Michelle Huynh, deceased, | * * * * * * * * * | CIV 07-4165 |
| | * | |
| Plaintiffs, | * * | MEMORANDUM OPINION AND ORDER |
| -vs- | * * | |
| TIGER CORPORATION; TIGER AMERICA CORPORATION WHICH WILL DO BUSINESS IN CALIFORNIA AS TIGER U.S.A. CORPORATION; and JAPAN TIGER CORPORATION OF USA, | * * * * * * * | |
| Defendants. | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This opinion addresses the motions for summary judgment filed by Defendants, Tiger America Corporation and Japan Tiger Corporation of U.S.A. (Docs. 37, 48) that are presently pending before the Court.

Details of Present Lawsuit

In approximately December 1999, Plaintiff Kim Thach purchased from an unidentified vendor in Iowa a JCC 2700 model rice cooker which Defendant Tiger Corporation ("Tiger Corporation"), a Japanese corporation located in Osaka, Japan, manufactured sometime between 1984 and 1994. (Johnson Aff., Ex. A; Kawai Aff. ¶¶ 3, 4.) On December 11, 2004, the rice cooker ignited while being used by Plaintiffs at their residence in Sioux Falls, South Dakota, causing serious

personal injury to Plaintiff Oanh Thach as well as the deaths of Pearl Wang, Jimmy Hua and Michelle Huynh, and damage to property. (Amend. Compl. ¶¶ 16, 17.)

On November 8, 2007, Plaintiffs sued the manufacturer of the rice cooker, Tiger Corporation, as well as Tiger America Corporation and Japan Tiger Corporation of U.S.A. for negligence, product and strict liability, and breach of warranty. The Court granted the manufacturer, Tiger Corporation's, Motion for Judgment on the Pleadings on the basis that Plaintiffs failed to properly serve Tiger Corporation within the statute of limitations period. (Doc. 91.) The remaining Defendants in this action, Tiger America Corporation ("Tiger America") and Japan Tiger Corporation of U.S.A. ("Japan Tiger"), entities that market and distribute products of Tiger Corporation in the United States, have moved for summary judgment on all claims asserted by Plaintiffs. (Docs. 37, 48.) Tiger America and Japan Tiger contend that they may not be held liable for Plaintiffs' claims since the two companies were not in existence at the time the subject rice cooker was distributed.

<u>Tiger America</u>

Tiger America was incorporated on February 5, 2004, (Second Chen Aff. ¶ 3) and formed a distributor relationship with the manufacturer, Tiger Corporation, that same month. (Kawai Aff. ¶ 6.) Tiger America's website states that it is the United States representative of Japanese "Tiger" products. (Doc. 58-5.)

Prior to Tiger America's incorporation and beginning as early as 1990, Tiger Corporation was distributing rice cookers to the San Francisco Bay Area through Venquest Trading, Inc., a California company. (Third Fuller Aff., Ex. A. at 5-6; Second Chen Aff. ¶ 8.) Venquest Trading extended distribution of rice cookers and other Tiger products to the Central United States[1] in 2000. (Third Fuller Aff., Ex. A, at 5-6; Second Chen Aff. ¶ 8.) Presently, Venquest Trading's website states that it is the "exclusive distributor of Tiger Rice Cooker, Water Heater & Thermos." (Third

---

[1]This territory covered the state of Iowa in which Plaintiffs purchased the subject rice cooker in 1999.

Fuller Aff., Ex. H.)

Since Tiger America's incorporation in 2004, Venquest Trading has owned 100% of Tiger America's stock. (Third Fuller Aff., Exs. I-M.) The two corporations share the same office building and address at 8399 Edgewater Drive, Oakland, CA 94621. (Third Fuller Aff., Exs. C-F.) After Tiger America's 2004 incorporation, Venquest Trading changed the name listed on its insurance policy to "Venquest Trading Inc. Tiger America Corporation" but continued to pay the same annual premium despite the amendment. (Third Fuller Aff., Ex. C.) The financial journal of Tiger America from April 2004 to March 2005 did not show any charges attributable to the insurance premium payment. (Third Fuller Aff., Ex. G.) Benjamin Chen, Tiger America's Chief Executive Officer and President (Second Chen Aff. ¶ 1), is also listed as Venquest Trading's agent for service of process. (Fuller Aff., Ex. F.)

Japan Tiger

Japan Tiger was established in 2002. On Tiger Corporation's global website, the company claims that its "Representative Office in U.S.A." is located at "2730 Monterey Street Suite #105 Torrance CA 90503," the address of Japan Tiger. (Doc. 58-5.) Japan Tiger does not have an independent website. Rather, Japan Tiger's website provides visitors with an additional link to Tiger Corporation's global website at "http:www.tiger.jp/global/index.html." (Doc. 58-3.)

Japan Tiger's federal tax returns from 2002 to 2007 disclose that Tiger Corporation owns 100% of Japan Tiger's stock. (Third Fuller Aff., Exs. N-R.) Japan Tiger's 2004 California state tax return included a Water's-Edge Election claiming that certain operations of Tiger should be excluded from Japan Tiger's tax base on the basis that such operations are part of Tiger's worldwide unitary business. (Third Fuller Aff., Exs. S, T.)

Tiger Corporation lists Japan Tiger as an additional insured under a policy of general liability insurance issued to Tiger Corporation by Mitsui Sumitomo Insurance Company. (Third Fuller Aff.,

3

Ex. B.) In November 2007, Tetsuaki Hasumi served as the director of Tiger Corporation and the Secretary of Japan Tiger. (Third Fuller Aff., Ex. A.)

## DISCUSSION

The remaining Defendants in this action, Japan Tiger and Tiger America, have moved for summary judgment on all of Plaintiffs' claims. In essence, Defendants argue that they cannot be held liable for distributing the subject rice cooker because they were not yet in existence at that time. Plaintiffs argue in opposition that Defendants are liable for distributing the allegedly defective rice cooker under the theories of alter ego liability and successor liability. The Court will discuss the motions for summary judgment that have been filed by the individual Defendants.

## I.    Motion for Summary Judgment Filed by Tiger America

A.    Tiger America's Liability as an Alter-Ego or Instrumentality of Venquest Trading

Plaintiffs argue that even though Tiger America did not come into existence until after the time the rice cooker was distributed, the company may be held liable in this case as the alter ego or instrumentality of Venquest Trading, Inc., a corporation that Plaintiffs allege was in existence and distributing rice cookers manufactured by Tiger Corporation to the central United States as early as 1984. Plaintiffs' only support for this factual contention is Tiger Corporation's response to Interrogatory No. 9 which specifically asks Tiger Corporation to "identify by name and address all entities who distributed the products of Tiger Corporation in the United States prior to the incorporation of Defendant Japan Tiger Corporation of USA and Defendant Tiger America Corporation, stating the dates each such entity handled the distribution and the territory covered by each." (Third Fuller Aff., Ex. A at 5.) In response to this question, Tiger Corporation lists Venquest Trading as one such distributor and lists the distribution period as "1984 to present" and the distribution territories as "Eastern, Central." *Id.*

4

In its reply brief, Tiger America states that Plaintiffs mischaracterize their response to Interrogatory No. 9 and that while Venquest Trading began distributing Tiger Corporation products as early as 1984, Venquest Trading was not distributing rice cookers until 1990 and did not distribute any products of Tiger Corporation to the central United States until 2000, which was after Plaintiffs' purchase. (Second Chen Aff. ¶ 9) ("Venquest Trading did not begin distributing any Tiger Corporation rice cookers under 1990, at which time the distribution of the rice cookers was limited to the San Francisco Bay Area. Venquest Trading did not distribute Tiger Corporation rice cookers outside of the San Francisco Bay Area until 2000.")

The Court concludes that the undisputed material facts show that Venquest Trading could not have distributed the subject rice cooker and thus Tiger America may not be held liable for Plaintiffs' claims as an alter-ego or instrumentality of Venquest Trading. It is important to note that Interrogatory No. 9 asks Tiger Corporation to identify entities that distributed products, not rice cookers, of Tiger Corporation as well as the dates and territories in which these entities distributed such products. Benjamin Chen, Chief Executive Office and President of Tiger America, clarified in his Affidavit in Support of Tiger America's Motion for Summary Judgment that while Venquest Trading began distributing Tiger Corporation products as early as 1984, Venquest Trading was not distributing rice cookers until 1990, at which time the distribution of the rice cookers was limited to the San Francisco Bay Area. Mr. Chen further stated in his Affidavit that Venquest Trading did not distribute rice cookers to the central United States, the region in which Plaintiffs purchased the subject rice cooker, until 2000 which was after Plaintiffs' 1999 purchase. There is no evidence in the record to contradict Mr. Chen's sworn statement and his statement compels the Court to conclude that Venquest Trading could not have distributed the subject rice cooker in question. As a result, Tiger America may not be held liable for Plaintiffs' claims as an alter-ego or instrumentality of Venquest Trading.

B.    Tiger America's Liability as a Successor to Venquest Trading

Plaintiffs also contend that material issues of fact exist as to whether Tiger America is liable

as Venquest Trading's successor distributor of Tiger Corporation products. The South Dakota Supreme Court has stated that a corporation purchasing the assets of another corporation may be liable for the seller corporation's liabilities, as its successor, in the following limited circumstances:

(1)    when the purchasing corporation expressly or impliedly agrees to assume the selling corporation's liability;

(2)    when the transaction amounts to a consolidation or merger of the purchaser and seller corporations;

(3)    when the purchaser corporation is merely a continuation of the seller corporation; or

(4)    when the transaction is entered into fraudulently to escape liability for such obligations.

*Parker v. W. Dakota Insurors, Inc.,* 605 N.W.2d 181, 184-85 (S.D. 2000).

Plaintiffs have not produced even a scintilla of evidence to support their contention that Tiger America may have purchased assets or contracts from Venquest Trading which would justify holding them liable as a successor to Venquest Trading. (*See* Pls.' Br. in Opp. to Defs.' Mots. for Summ. J. at 10) ("While Tiger America did not produce documents indicating how Tiger America obtained the rights to distribute Tiger Corporation products, the relationship between Tiger America and Venquest Trading raises material issues of fact as to whether Tiger America purchased assets or contracts from Venquest Trading, including the right to distribute Tiger Corporation's products [*sic*] in the United States.") The Court rejects Plaintiffs' argument that the relationship between Tiger America and Venquest Trading creates such an inference.

## II.    Motion for Summary Judgment Filed by Japan Tiger Corporation

Plaintiffs argue in opposition to Japan Tiger's Motion for Summary Judgment that even though Japan Tiger, like Tiger America, did not come into existence until after the time the subject rice cooker was distributed, Japan Tiger may be liable in this case as the alter ego or instrumentality of Tiger Corporation.

Plaintiffs have provided no legal authority that would justify holding a subsidiary such as Japan Tiger liable as the alter-ego of its parent, Tiger Corporation, for injuries resulting from an allegedly defective product that was manufactured, distributed, and sold prior to Japan Tiger's formation. In the cases cited by Plaintiffs, the entities which the courts held liable as alter-egos of a closely-related corporation were all in existence during the time of the alleged wrongful conduct.[2]

For the foregoing reasons, it is hereby ORDERED that the motions for summary judgment (Docs. 37, 48) filed by Defendants, Tiger America Corporation and Japan Tiger Corporation U.S.A., are GRANTED.

Dated this 20th day of July, 2009.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
(SEAL)        DEPUTY

---

[2]The Court notes that this reasoning also supports the Court's decision to grant Defendant Tiger America's Motion for Summary Judgment.